**EXHIBIT B**

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/29/2023 10:21 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

1   Andre Verdun(SBN 265436)
**Law Office of Andre L. Verdun**
2   1777 N Ventura Ave
Ventura,CA93001
3   Tel.6198800110
4   Fax.8668040051
5   service@verdunlaw.com

6   Ronald Wilcox, Bar No. 176601
7   Allison Krumhorn, Bar No. 311011
Wilcox Law Firm, P.C.
8   2021 The Alameda, Suite 200
9   San Jose, California 95126
Tel.: (408) 296-0400
10  Fax: (408) 296-0486
11  ronaldwilcox@gmail.com

12
Attorneys for Plaintiff,
13  Gabriela Stephanie Barrios

14
15          **IN THE SUPERIOR COURT OF CALIFORNIA,**

16              **COUNTY OF LOS ANGELES**

17  **GABRIELA STEPHANIE BARRIOS,**        Case #:   23STCV23668
18                                                     *(Unlimited Civil Case)*
19              Plaintiff(s),              **COMPLAINT FOR DAMAGES,**
                                           **DECLARATORY, AND INJUNCTIVE**
        vs.
20                                         **RELIEF FOR VIOLATIONS OF:**
21  **ANTELOPE CHEVROLET, INC, and**       **I.    42 U.S.C. § 1983;**
    **LOS ANGELES SHERIFF'S**              **II.   VIOLATION OF THE BANE**
22  **DEPARTMENT, and DOE OFFICERS**       **ACT, CAL. CIV. CODE § 52.1;**
23  **1-10, in their official capacities, and**  **III.   COMMON LAW FALSE**
    **DOES 11-50, inclusive,**             **ARREST**
24                                         **AND FALSE IMPRISONMENT;**
25              Defendants.                **IV.   NEGLIGENCE;**
26                                         **V.    ROSENTHAL FAIR DEBT**
                                           **COLLECTION PRACTICES ACT,**
27                                         **CAL. CIV. CODE § 1788 et seq.;**
28

-1-
**COMPLAINT FOR DAMAGES, RESCISSION,**
**AND INJUNCTIVE RELIEF**

THE LAW OFFICE OF
ANDRE L. VERDUN

| | |
|---|---|
| 1 | } **VI.  CALIFORNIA BUSINESS AND** |
| 2 | } **PROFESSIONS CODE § 17200;** |
| | } **VII.  CONVERSION;** |
| 3 | } **VIII.  INTRUSION UPON** |
| | } **SECLUSION;** |
| 4 | } **IX.  CIVIL EXTORTION; and** |
| 5 | } **X.  CONSUMER LEGAL** |
| 6 | } **REMEDIES ACT, CAL. CIV. CODE §** |
| | } **1750, et seq.** |
| 7 | |

## SUMMARY

8

9     1. Without a court order more than six (6) police cars of the Lancaster Police

10    Department pulled over Gabriela Barrios, with her 3 month old and 11-year old

11    daughters' in her car, and with firearms drawn, demanded she get out of the car.

12    A plain clothes detective then took the car back to the dealership that had sold it

13    to Barrios, and which had requested police assistance, in a joint action, lacking

14    any due process, to resolve an ongoing civil dispute.

15    2. Barrios was detained for more than 7 hours, including being pulled over,

16    arrested, hand-cuffed, finger-printed, interrogated, and jailed (for more than 5

17    hours), despite the fact the police had no warrant or court order.  To add insult to

18    injury the police took away her special lactation bra, even after Barrios explained

19    the necessity for the bra.  The police told her to go ahead and stain her shirt and

20    that they could give her a different shirt later. After more than 5 hours at the

21    police station, surrounded by strangers, with no privacy, and with no way to

22    pump or alleviate the pressure in her lactating breasts, Barrios leaked through

23    her shirt.

24    3. The incident also caused Barrios emotional distress, anxiety, headaches,

25    panic attacks, required her to seek medical attention, as well as friction for

26    Barrios with her employer, the County of Los Angeles.

27    / / /

28    / / /

-2-

**COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF**

## INTRODUCTION

4. Plaintiff, Antelope Valley Chevrolet threatened Gabriela Stephanie Barrios with legal action, filed a false police report, and had Plaintiff wrongfully arrested for grand theft auto and embezzlement. Despite the fact that Antelope Valley Chevrolet had no right to possession of the car, they engaged in deceptive practices to regain possession of the vehicle.

5. Gabriela Stephanie Barrios signed a contract with Antelope Valley Chevrolet for the purchase of a 2022 Chevrolet Malibu. Pursuant to this contract, Defendant had a 10-day option to cancel the contract. Defendant did not exercise the option within 10 days.

6. However, Defendant wanted to cancel the contract after the 10 day timeframe allowed in the retail installment sales contact because it could not find third-party financing. Unable to properly rescind the contract, Defendant engaged in numerous attempts to contact Plaintiff, contact Plaintiff's mother, and even threatened repossession and criminal action. When these attempts failed to intimidate Plaintiff to return of the vehicle, Defendant Antelope Valley Chevrolet filed a false police report, leading to Plaintiff's arrest by the Los Angeles Sheriff's Department.

7. The actions of Antelope Valley Chevrolet, in concert with the Los Angeles Sheriff's Department, violated both federal and California law, including 42 U.S.C. § 1983 for civil rights violations, the Bane Act, California Civil Code § 52.1 Civil Extortion, Common Law False Arrest and False Imprisonment, Conversion, Intrusion Upon Seclusion, the Rosenthal Fair Debt Collection Practices Act, California Business and Professions Code 17200, Negligence, Consumer Legal Remedies Act and Declaratory and Injunctive Relief.

8. Plaintiff has suffered actual damages, including, but not limited to, mental and emotional distress, pain and anguish, humiliation, embarrassment, legal expenses, and damage to her reputation. The wrongful arrest and subsequent

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

1 │ incarceration put Plaintiff at special risk due to her pre-existing medical
2 │ conditions, further exacerbating her suffering.

3 │ **DEPRIVATIONS OF CIVIL RIGHTS**

4 │     9. Antelope Valley Chevrolet, in collaboration with the Los Angeles Sheriff's
5 │ Department, engaged in a series of actions that led to the unlawful arrest and
6 │ incarceration of Gabriela Stephanie Barrios.

7 │     10.     These actions were not only a violation of the Consumer Legal
8 │ Remedies Act and an abuse of debt collection practices but also a deprivation of
9 │ Ms. Barrios's civil rights under the United States Constitution and state law.

10 │     11.     The wrongful arrest, lack of probable cause, and failure to conduct a
11 │ proper investigation, coupled with Ms. Barrios's pre-existing medical conditions,
12 │ exposed her to unnecessary risk and violated her clearly established rights,
13 │ privileges, or immunities secured under the Constitution and laws of the United
14 │ States, including 42 U.S.C. § 1983.

15 │     12.     This case seeks to address and redress these serious violations,
16 │ holding both the dealership and the involved law enforcement officers
17 │ accountable for their unlawful, reckless, and indifferent acts.

18 │ **ABUSIVE DEBT COLLECTION IS UNLAWFUL**

19 │     13.     The United States Congress has found abundant evidence of the use
20 │ of abusive, deceptive, and unfair debt collection practices by many debt
21 │ collectors, and has determined that abusive debt collection practices contribute
22 │ to the number of personal bankruptcies, to marital instability, to the loss of jobs,
23 │ and to invasions of individual privacy. Congress wrote the Fair Debt Collection
24 │ Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection
25 │ practices by debt collectors, to ensure that those debt collectors who refrain from
26 │ using abusive debt collection practices are not competitively disadvantaged, and
27 │ to promote consistent State action to protect consumers against debt collection
28 │ abuses.

-4-

**COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF**

THE LAW OFFICES OF
ANDRE L. VERDUN

14.     The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. Civil Code 1788.2.

15.     Gabriela Stephanie Barrios brings this action to challenge the actions of Antelope Valley Chevrolet and the Los Angeles Sheriff's Department with regard to violations mentioned above.

## JURISDICTION AND VENUE

16.     Defendants Antelope Valley Chevrolet and Los Angeles Sheriff's Department are authorized to do business and operate within the State of California.

17.     Jurisdiction of this Court arises under § 395(b) of the California Code of Civil Procedure.

18.     Venue is proper in that the conduct complained of occurred in Los Angeles County, where Defendants transact business and have significant and substantial contacts with the State of California.

## PARTIES

19.     Plaintiff Gabriela Stephanie Barrios is a consumer who resides in the County of Los Angeles, State of California, from whom Defendants sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c).

20. Defendant Antelope Valley Chevrolet ("Dealer") is a company operating from the State of California.

21. Defendant Los Angeles Sheriff's Department is a law enforcement agency operating within Los Angeles County, State of California, involved in the arrest and incarceration of Plaintiff.

22. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-50 inclusive, which include DOE OFFICERS 1-10, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

23. Plaintiff is informed and believes, and thereon alleges, that Antelope Valley Chevrolet and Los Angeles Sheriff's Department and DOE OFFICERS 1-10, and perhaps DOES 11-50, in the ordinary course of business, engaged in actions leading to the deprivation of Plaintiff's civil rights as defined by 42 U.S.C. § 1983.

24. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

## EXHAUSTION OF PRE-FILING REQUIREMENTS

25. Prior to commencing this action, Plaintiff fulfilled all pre-filing requirements as mandated by California law, including the submission of a tort claim letter to the County.

26. Specifically, Plaintiff provided timely written notice of her claims to the County in accordance with California Government Code § 910 et seq. The tort

COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF

1  claim letter detailed the circumstances of the incident, the nature of the claims,

2  the injuries and damages suffered, and the relief sought.

3      27.    The tort claim letter was properly served on the County within the

4  statutory time frame and provided the County with an opportunity to investigate

5  and respond to the claims.

6      28.    The County failed to adequately respond to the tort claim letter within

7  the time prescribed by law, or the response was unsatisfactory to Plaintiff,

8  thereby exhausting all administrative remedies and allowing Plaintiff to proceed

9  with this civil action.

10      29.    Plaintiff also prepared a demand letter pursuant to the Consumer

11  Legal Remedies Act, California Civil Code § 1750 et al, and mailed said demand

12  letter via certified mail to the Dealer. The dealer failed to timely respond to

13  Plaintiff's demand letter.

14      30.    Plaintiff has complied with all other applicable statutes, regulations,

15  and administrative requirements necessary to bring this action.

16                  **FACTUAL ALLEGATIONS**

17      31.    On or about September 8, 2022, Plaintiff Gabriela Stephanie Barrios

18  entered into a Retail Installment Sale Contract (the "Agreement") with Antelope

19  Valley Chevrolet to purchase a 2022 Chevrolet Malibu, Vehicle Identification

20  Number: 1G1ZB5ST5NF185813.

21      32.    The Agreement executed between Plaintiff Gabriela Stephanie

22  Barrios and Antelope Valley Chevrolet contained a specific provision regarding

23  the Seller's right to cancel the contract, which reads as follows:

24             *Seller's Right to Cancel*

25                  *If Seller is unable to assign this contract to a financial*

26              *institution   within 10 days after the date of this contract,*

27              *Seller may, at its option, cancel   this contract by giving*

28              *Buyer written notice of cancellation within 10 days   after*

THE LAW OFFICES OF
ANDRE L. VERDUN

**COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF**

1   *the date of this contract. If Seller cancels this contract,*
2   *Buyer shall       immediately return the vehicle to Seller in*
3   *the same condition as it was when       Buyer       took*
4   *possession of the vehicle. If Buyer fails to return the vehicle*
5   *to    Seller within 10 days after the date of cancellation,*
6   *Seller may recover from       Buyer all costs incurred by*
7   *Seller in connection with the return of the       vehicle,*
8   *including, but not limited to, reasonable storage fees and*
9   *towing       charges.*
10  *During the period between the date of this contract*
11  *and the date on  which the vehicle is returned to Seller,*
12  *the terms of this contract, including       those relating to*
13  *use of the vehicle and insurance, shall remain in full force.*
14  *Buyer shall be responsible for all loss or damage to*
15  *the vehicle during this  time, and Buyer shall pay for any*
16  *reasonable costs for repair of the vehicle       until  it  is*
17  *returned to Seller.*

18   33.   As such, the dealer had 10 days from the date the contract was
19  signed (September 8, 2022) to rescind the contract. Therefore, the deadline for
20  Antelope Valley Chevrolet ("Dealer") to exercise its right to cancel the contract
21  was September 18, 2022. Any attempt to rescind the contract beyond this date
22  would be inconsistent with the terms of the Agreement.

23   34.   Upon information and belief, after entering into the Agreement with
24  Plaintiff, the Dealer experienced difficulty with assigning the Agreement to a
25  lender.

26   35.   On September 13, 2022, Antelope Valley Chevrolet attempted to
27  contact Plaintiff regarding GM rewards and asked her to come in for 10 minutes
28

THE LAW OFFICES OF
ANDRE L. VERDUN

-8-

**COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF**

1  to take care of her "GM rewards." There was no mention of returning the car

2  during this communication or any indication that there were issues with financing.

3      36.      The Dealer did not rescind the contract within the 10-day period.

4      37.      On September 20, 2022, Antelope Valley Chevrolet texted Plaintiff

5  that it was important and asking her to call.

6      38.      Between October 18, 2023 and October 26, 2023, the Dealer sent

7  multiple messages to Plaintiff indicating it wanted to help her with the sale

8  process and urging her to respond so the dealer could help with the loan

9  process.

10      39.      Despite pulling the credit report for Plaintiff's mother, Ada Barrios, on

THE LAW OFFICES OF
ANDRÉ L. VERDUN

**COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF**

October 27, 2022, in a continued attempt to obtain financing for the purchase of the vehicle, also on October 27, 2022, Antelope Valley Chevrolet demanded Plaintiff return the 2022 Chevrolet Malibu.  The Dealer also informed Plaintiff that it terminated her purchase and her right to use the Vehicle. Defendant demanded that she surrender the Vehicle by no later than November 4, 2022.

40.     Despite the Agreement's provision allowing the Seller to cancel the contract within 10 days if unable to assign it to a financial institution, the communication rescinding the contract was sent well beyond this 10-day time frame.

41.     At minimum, since the Dealer did not void the agreement within the 10-day period stipulated in the contract, Plaintiff had a legal right to take possession of the vehicle, and the situation was a contractual dispute as opposed to a criminal matter.

42.     Upon information and belief, on or before November 3, 2022, Defendant reported to the police that Plaintiff stole the vehicle from Defendant.

43.     As a result, on November 3, 2022, Plaintiff was arrested for grand theft auto and embezzlement. The police arrested Plaintiff without probable cause, without conducting an investigation, and by solely relying on the statements of Antelope Valley Chevrolet.  Moreover, Plaintiff was arrested at 7:30 am, well before the 3 pm deadline for Plaintiff to return the vehicle in accordance with the Dealer's demand.

44.     Plaintiff was held at Young County Jail as a result of Defendant's accusations.

45.     Due to Plaintiff's pre-existing medical conditions, including hepatitis E and tuberculosis, her incarceration put her at special risk. The environment and circumstances of her confinement exacerbated her vulnerability to these conditions, creating a situation of heightened concern for her health and well-being.

-10-

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

46.     During the numerous communications up until October 27, 2022, the dealership never communicated their intent to terminate the contract and, even after the 10-day period, was still telling Plaintiff they needed to help her with getting financing.

47.     Since the 10-day period ran, this was not theft as Plaintiff had the right to take the vehicle when she took it, and it was not embezzlement as defined in California Penal Code Section 503. At minimum, because Plaintiff had a legal right to possession of the vehicle pursuant to the express terms of the Agreement, any dispute between Plaintiff and Defendant was contractual, and not a criminal dispute. Additionally, Plaintiff has not received the return of her deposit payment she made pursuant to the Retail Installment Sales Contract.

48.     Plaintiff's actions did not demonstrate an intent to fraudulently convert or conceal the vehicle for her own use, and the communication rescinding the contract was sent beyond the 10-day timeframe specified in the Agreement, which may affect the legality of the demand for the return of the vehicle.

49.     Plaintiff's possession of the vehicle was open and under a claim of title through the contract, and the arrest was made without probable cause and without conducting an investigation, raising questions about the validity of the charges.

## CLAIMS FOR RELIEF
## FIRST CAUSE OF ACTION
## CIVIL RIGHTS VIOLATION, 42 U.S.C. § 1983
*(Against the Los Angeles Sheriff's Department and Officers 1-10 in their official capacities, and Antelope Valley Chevrolet)*

50.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

51.     Antelope Valley Chevrolet, through their agents, servants or employees, acted jointly and in concert with the Los Angeles Sheriff's

-11-

**COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF**

THE LAW OFFICES OF:
ANDRE L. VERDUN

1 | Department and the defendant officers to deprive Plaintiff of her rights under the
2 | United States Constitution and state law.

3 | 52. As a result of their unlawful, reckless, and indifferent acts or
4 | omissions, the Los Angeles Sheriff's Department, Antelope Valley Chevrolet, and
5 | the defendant officers, both alone and in concert, conspired to and acted under
6 | color of law, but contrary to law, and deprived Plaintiff of her rights, privileges, or
7 | immunities secured under the Constitution and laws of the United States and 42
8 | U.S.C. § 1983.

9 | 53. As a direct and proximate result of the conduct of the Los Angeles
10 | Sheriff's Department, Antelope Valley Chevrolet, and the defendant officers,
11 | Plaintiff was unlawfully deprived of her personal property without due process of
12 | law, without notice and an opportunity to be heard.

13 | 54. The Los Angeles Sheriff's Department's failure to adequately
14 | investigate the claims made by Antelope Valley Chevrolet led to the unlawful
15 | arrest of Plaintiff.

16 | 55. The officers' actions were instrumental in the taking of Plaintiff's
17 | vehicle, including the arrest and subsequent deprivation of her rights.

18 | 56. The deprivation would not have been possible but for the presence
19 | and active assistance of the Los Angeles Sheriff's Department officers, acting in
20 | concert with Antelope Valley Chevrolet.

21 | 57. The Los Angeles Sheriff's Department is officially responsible for
22 | ensuring that officers are trained not to interfere or take sides in civil matters
23 | without proper investigation.

24 | 58. The Los Angeles Sheriff's Department maintains a practice and
25 | custom which directs its officers to effectively assist in private civil matters
26 | without proper investigation.

27
28

THE LAW OFFICES OF
ANDRÉ L VERDUN

-12-

**COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF**

59.     The Los Angeles Sheriff's Department maintains a practice and custom whereby it fails to instruct or train its officers to refrain from assisting in private civil matters without proper investigation.

60.     Unless enjoined and prospective relief ordered, the Los Angeles Sheriff's Department will continue in its unlawful practices, in violation of the United States Constitution and established law.

61.     WHEREFORE, Plaintiff demands judgment against Defendants, the Los Angeles Sheriff's Department, Officers 1-10 in their official capacities, and Antelope Valley Chevrolet, for the following:

- Prospective injunctive relief directing the Defendants to establish and implement policies, procedures, and/or customs for the Los Angeles Sheriff's Department to act in accordance with established law;
- Attorney fees as provided for pursuant to 42 U.S.C. § 1988; and
- Such other and further relief as the Court shall deem just and proper.

## SECOND CAUSE OF ACTION

## CIVIL RIGHTS VIOLATION, 42 U.S.C. § 1983

*(Against Officers 1-10 of the Los Angeles Sheriff's Department in their individual capacities and Antelope Valley Chevrolet)*

62.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

63.     Antelope Valley Chevrolet, through their agents, servants, or employees, acted jointly and in concert with the defendant officers of the Los Angeles Sheriff's Department to deprive Plaintiff of her rights under the United States Constitution and state law.

64.     As a result of the defendant officers' unlawful, reckless, and indifferent acts or omissions, the defendant officers unlawfully assisted in depriving Plaintiff of her clearly established rights, privileges, or immunities

COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF

THE LAW OFFICES OF
ANDRE L. VERDUN

secured under the Constitution and laws of the United States and 42 U.S.C. § 1983.

65.     As a direct and proximate result of the conduct of the defendant officers, Plaintiff was unlawfully deprived of her personal property without due process of law, without notice and an opportunity to be heard in violation of her clearly established constitutional rights.

66.     The defendant officers knew or should have known, as would any reasonable person, that they were assisting in depriving Plaintiff of her personal property without due process of law, without notice and an opportunity to be heard, in violation of her clearly established constitutional rights.

67.     The defendant officers' actions were instrumental in the taking of Plaintiff's vehicle, including the arrest and subsequent deprivation of her rights.

68.     The deprivation would not have been possible but for the presence and active assistance of the defendant officers of the Los Angeles Sheriff's Department.

69.     As a result, Plaintiff has suffered damages resulting from these violations of her civil rights.

70.     **WHEREFORE**, Plaintiff demands judgment against Defendants, Officers 1-10 of the Los Angeles Sheriff's Department in their individual capacities, for the following:

- (a) Damages;
- (b) Attorney fees and costs as provided for pursuant to 42 U.S.C. § 1988; and
- (c) Such other and further relief as the Court shall deem just and proper.

COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF

**THIRD CAUSE OF ACTION**

**CIVIL RIGHTS VIOLATION, 42 U.S.C. § 1983**

*(Fourth Amendment: Excessive Force, False Arrest, False Imprisonment)*

*(Against Officers 1-10 of the Los Angeles Sheriff's Department in their individual*

*capacities)*

71.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

72.     The defendant officers of the Los Angeles Sheriff's Department, acting under color of law, engaged in conduct that violated Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution.

73.     Excessive Force: The defendant officers used excessive and unreasonable force in the arrest and detention of Plaintiff, causing physical injury, emotional distress, and other damages, in violation of Plaintiff's Fourth Amendment rights against unreasonable seizures.

74.     False Arrest: The defendant officers arrested Plaintiff without probable cause, relying solely on the statements of Antelope Valley Chevrolet, and without conducting an independent investigation, in violation of Plaintiff's Fourth Amendment rights against unreasonable seizures.

75.     False Imprisonment: The defendant officers unlawfully detained Plaintiff without proper legal justification, holding her in custody without probable cause, in violation of Plaintiff's Fourth Amendment rights against unreasonable seizures.

76.     The defendant officers knew or should have known, as would any reasonable person, that their actions were in violation of Plaintiff's clearly established Fourth Amendment rights.

-15-

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

77.     The actions of the defendant officers were instrumental in causing the violations of Plaintiff's rights, including the use of excessive force, false arrest, and false imprisonment.

78.     As a result, Plaintiff has suffered physical injury, emotional distress, loss of liberty, and other damages resulting from these violations of her Fourth Amendment rights:

79. WHEREFORE, Plaintiff demands judgment against Defendants, Officers 1-10 of the Los Angeles Sheriff's Department in their individual capacities, for the following:

- (a) Compensatory damages for physical injury, emotional distress, loss of liberty, and other damages;

- (b) Punitive damages, as allowed by law, to punish the Defendants for their willful and wanton conduct and to deter similar conduct in the future;

- (c) Attorney fees and costs as provided for pursuant to 42 U.S.C. § 1988; and

- (d) Such other and further relief as the Court shall deem just and proper.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE BANE ACT, CALIFORNIA CIVIL CODE § 52.1

*(Against Officers 1-10 of the Los Angeles Sheriff's Department and Antelope Valley Chevrolet)*

80.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

81.     The defendant officers of the Los Angeles Sheriff's Department and Antelope Valley Chevrolet, acting jointly and in concert, interfered with Plaintiff's rights under the United States Constitution and California law by threats, intimidation, or coercion.

-16-

COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF

82.     Excessive Force: The defendant officers used excessive and unreasonable force in the arrest and detention of Plaintiff, threatening and intimidating her, in violation of her Fourth Amendment rights and California law.

83.     False Arrest and False Imprisonment: The defendant officers falsely arrested and unlawfully detained Plaintiff without probable cause, intimidating and coercing her, in violation of her Fourth Amendment rights and California law.

84.     Conspiracy with Antelope Valley Chevrolet: The defendant officers acted in concert with Antelope Valley Chevrolet, relying solely on their statements and without conducting an independent investigation, to falsely arrest and imprison Plaintiff, in violation of her rights under California law.

85.     The defendant officers and Antelope Valley Chevrolet knew or should have known that their actions constituted interference with Plaintiff's rights by threats, intimidation, or coercion, in violation of the Bane Act.

86.     As a result, Plaintiff has suffered physical injury, emotional distress, loss of liberty, and other damages resulting from these violations of her rights under the Bane Act.

87.     WHEREFORE, Plaintiff demands judgment against Defendants, Officers 1-10 of the Los Angeles Sheriff's Department and Antelope Valley Chevrolet, for the following:

- (a) Compensatory damages for physical injury, emotional distress, loss of liberty, and other damages;
- (b) Punitive damages, as allowed by law, to punish the Defendants for their willful and wanton conduct and to deter similar conduct in the future;
- (c) Attorney fees and costs as provided for pursuant to California Civil Code § 52.1(h); and
- (d) Such other and further relief as the Court shall deem just and proper.

-17-

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

THE LAW OFFICES OF
ANDRE L VERDUN

## FIFTH CAUSE OF ACTION

## COMMON LAW FALSE ARREST AND FALSE IMPRISONMENT

*(Against Officers 1-10 of the Los Angeles Sheriff's Department and Antelope Valley Chevrolet)*

88.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

89.     False Arrest: The defendant officers of the Los Angeles Sheriff's Department arrested Plaintiff without probable cause, relying solely on the statements of Antelope Valley Chevrolet, and without conducting an independent investigation. This arrest was made without proper legal justification, constituting a false arrest under California common law.

90.     False Imprisonment: Following the false arrest, the defendant officers unlawfully detained Plaintiff without proper legal justification, holding her in custody without probable cause. This detention constituted false imprisonment under California common law.

91.     The defendant officers knew or should have known that their actions were in violation of Plaintiff's clearly established rights under California common law.

92.     The actions of the defendant officers were instrumental in causing the violations of Plaintiff's rights, including false arrest and false imprisonment.

93.     As a result, Plaintiff has suffered physical injury, emotional distress, loss of liberty, and other damages resulting from these violations of her rights under California common law.

94.     WHEREFORE, Plaintiff demands judgment against Defendants, Officers 1-10 of the Los Angeles Sheriff's Department, for the following:

- (a) Compensatory damages for physical injury, emotional distress, loss of liberty, and other damages;

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

- (b) Punitive damages, as allowed by California law, to punish the Defendants for their willful and wanton conduct and to deter similar conduct in the future;
- (c) Attorney fees and costs, as allowed by California law; and
- (d) Such other and further relief as the Court shall deem just and proper.

## SIXTH CAUSE OF ACTION

## NEGLIGENCE

*(Against Officers 1-10 of the Los Angeles Sheriff's Department and Antelope Valley Chevrolet)*

95.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

96.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

97.     Common Law Negligence: The defendant officers of the Los Angeles Sheriff's Department and Antelope Valley Chevrolet owed a duty of care to Plaintiff, which they breached by acting recklessly and without due consideration for Plaintiff's rights and well-being. Their actions, including the false arrest, false imprisonment, and failure to provide necessary medical care, directly and proximately caused harm to Plaintiff, constituting negligence under California common law.

98.     Negligence Per Se: The defendant officers and Antelope Valley Chevrolet violated specific statutes, regulations, and ordinances designed to protect individuals like Plaintiff from the type of harm she suffered. Their violations of these laws constitute negligence per se under California law.

99.     The defendant officers and Antelope Valley Chevrolet knew or should have known that their actions were in violation of Plaintiff's rights and well-being, constituting negligence and negligence per se under California law.

COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF

100.     The actions of the defendant officers and Antelope Valley Chevrolet were instrumental in causing the violations of Plaintiff's rights and the harm she suffered.

101.     As a result, Plaintiff has suffered physical injury, emotional distress, loss of liberty, and other damages resulting from these violations of her rights under California common law and negligence per se.

102.     WHEREFORE, Plaintiff demands judgment against Defendants, Officers 1-10 of the Los Angeles Sheriff's Department and Antelope Valley Chevrolet, for the following:

- (a) Compensatory damages for physical injury, emotional distress, loss of liberty, and other damages;
- (b) Punitive damages, as allowed by California law, to punish the Defendants for their willful and wanton conduct and to deter similar conduct in the future;
- (c) Attorney fees and costs, as allowed by California law; and
- (d) Such other and further relief as the Court shall deem just and proper.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)**

*(Against Antelope Valley Chevrolet)*

103.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

104.     By falsely representing to law enforcement that Plaintiff committed grand theft auto and embezzlement, and by failing to properly rescind the contract within the 10-day period, Antelope Valley Chevrolet violated Cal. Civil Code 1788 et seq., and Cal. Civ. Code § 1788.10(a), (b), and (d) by: (1) using criminal means to cause harm to Plaintiff, her reputation, and her property and

-20-

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

1 | (2) asserting that Plaintiff committed a crime by retaining possession of the
2 | vehicle, which was false.

3 |     105.    By repeatedly contacting Plaintiff regarding the collection of the debt,
4 | and harassing her with numerous messages and demands, Antelope Valley
5 | Chevrolet violated Cal. Civ. Code § 1788.12(a).

6 |     106.    By representing that it had a right to the vehicle when it did not, by
7 | failing to properly exercise its 10-day right to cancel, and by initiating a police
8 | report to obtain the vehicle from Plaintiff, Antelope Valley Chevrolet violated (CC
9 | 1788.17 as it incorporates 15 U.S.C. § 1692e) by using false, deceptive, and
10 | misleading representations in connection with the collection of Plaintiff's alleged
11 | debt.

12 |     107.    Through the above conduct, Antelope Valley Chevrolet violated Civil
13 | Code 1788.17 (which incorporates 15 U.S.C. § 1692b and c) by impermissibly
14 | communicating with third parties in an attempt to collect a debt.

15 |     108.    Through the above conduct, Antelope Valley Chevrolet violated Civil
16 | Code 1788.17 (which incorporates 15 U.S.C. § 1692d) by threatening to and
17 | using criminal means, i.e., initiating a false police report, in order to collect the
18 | alleged debt.

19 |     109.    Through the above conduct, Antelope Valley Chevrolet violated Civil
20 | Code 1788.17 (which incorporates 15 U.S.C. § 1692e(2)(A)) by falsely
21 | representing the character, amount, and legal status of the fraudulent debt in
22 | connection with the collection of Plaintiff's alleged debt.

23 |     110.    Through the above conduct, Antelope Valley Chevrolet violated Civil
24 | Code 1788.17 (which incorporates 15 U.S.C. § 1692e(10)) by using false
25 | representations and deceptive means to collect Plaintiff's alleged debt.

26 |     111.    Through the above conduct, Antelope Valley Chevrolet violated Civil
27 | Code 1788.17 (which incorporates 15 U.S.C. § 1692f) by using unfair and
28 | unconscionable means to collect Plaintiff's alleged debt.

THE LAW OFFICE OF
ANDRE L. VERDUN

-21-

**COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF**

112.    Through the above conduct, Antelope Valley Chevrolet violated Civil Code 1788.17 (which incorporates 15 U.S.C. § 1692f(1)) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law.

113.    The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

114.    As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a), statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b), and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.17 and 1788.30(c) from Antelope Valley Chevrolet.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

*(Against Antelope Valley Chevrolet)*

115.    Plaintiff repeats the allegations contained above as if the same were here set forth at length.

116.    Business and Professions Code § 17200 et seq prohibits any unlawful, unfair, or fraudulent business practice, an unfair, deceptive, untrue, or misleading advertising, and any violation of Business and Professions Code § 17500 et seq.

117.    Antelope Valley Chevrolet's conduct involves their business acts and practices.

118.    In particular, Antelope Valley Chevrolet is a car retailer, routinely entering into contracts for the purchasing of vehicles. As part of their duties in the same, it is to honor the contracts as written, and not take any unfair action regarding the same.

-22-

### COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF

119.   Antelope Valley Chevrolet's conduct is unlawful to the extent that they have violated the law as alleged in this complaint, including the failure to properly rescind the contract within the stipulated time frame and initiating legal actions against the Plaintiff.

120.   Antelope Valley Chevrolet's conduct is unfair because it is entirely against California's public policy of, among other things, enforcing contracts as written and prohibiting the filing of false police reports.

121.   Plaintiff has suffered economic injury, and as a result of Antelope Valley Chevrolet's conduct, which has deprived her of her use of the vehicle.

122.   Plaintiff has suffered damages due to Antelope Valley Chevrolet's conduct, including but not limited to, loss of use of the vehicle, legal expenses, and damage to her reputation, as well as those noted above.

## TENTH CAUSE OF ACTION
## CONVERSION
*(Against Antelope Valley Chevrolet)*

123.   Plaintiff repeats the allegations contained above as if the same were here set forth at length.

124.   Plaintiff had possession of the vehicle.

125.   By filing a false police report, inappropriately using state action, and taking possession of Plaintiff's vehicle, Defendants intentionally and substantially interfered with Plaintiff's property and her rights thereto.

126.   Plaintiff was harmed and Defendant's conduct was a substantial factor in causing Plaintiff's harm, including failing return Plaintiff's deposit.

## ELEVENTH CAUSE OF ACTION
## INTRUSION UPON SECLUSION
*(Against Antelope Valley Chevrolet)*

127.   Plaintiff repeats the allegations contained above as if the same were here set forth at length.

-23-

COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF

128.     Defendant's acts described herein constitute an invasion of Plaintiff's privacy and an intrusion upon her right to seclusion.

129.     Plaintiff has a common law right to, and a reasonable expectation of privacy at her home, place of employment, and in regard to her private affairs.

130.     Defendant's abusive and improper conduct regarding its attempts to regain possession of the vehicle, as noted above.

131.     Defendant's intended to cause emotional distress and/or engaged in reckless disregard of the probability of causing Plaintiff emotional distress.

132.     As a proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be determined by proof and finder of fact at trial.

133.     Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## TWELFTH CAUSE OF ACTION
## CIVIL EXTORTION
### (Against Antelope Valley Chevrolet)

134.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

135.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

136.     Defendant committed civil extortion by obtaining property from another, without her consent, or the obtaining of an official act of a public officer, induced by a wrongful use of force or fear, or under color of official right.

137.     Defendant committed civil extortion by obtaining property from another by use of fear, including threating to do an unlawful injury of another (wrongfully dispossessing Plaintiff of her car); accusing Plaintiff of a crime; exposing Plaintiff to disgrace, and exposing secrets affecting Plaintiff.

**COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF**

138.     As a proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be determined by proof and finder of fact at trial.

139.     Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## THIRTEENTH CAUSE OF ACTION
## VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT
### (Against Antelope Valley Chevrolet)

140.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

141.     Plaintiff alleges that Plaintiff is a "person" as defined by Cal. Civ. Code § 1761(c) and a "consumer" as defined at Cal. Civ. Code § 1761(d).

142.     Antelope Valley Chevrolet is a "person: as defined at Cal. Civ. Code § 1761(c).

143.     The vehicle is a "good" as defined at Cal. Civ. Code §1761(a).

144.     The seller, Defendant, Antelope Valley Chevrolet violated Cal. Civ. Code §§ 1770(a)(5), (8), (9), and (14).

145.     Plaintiff seeks an order, pursuant to Cal. Civ. Code §1780(a)(2), enjoining Defendant, Antelope Valley Chevrolet, from continuing to harm Plaintiff by enforcing the Sales Contract during the time this action is pending.

146.     As a direct result of the acts and/or omissions of Defendant, Antelope Valley Chevrolet, as set forth herein and above, Plaintiff suffered harm, and continues to suffer harm, both economic and non-economic, in an amount according to proof at the time of trial, entitling Plaintiff a right of action against Defendant, Antelope Valley Chevrolet, including attorney's fees.

147.     Plaintiff, prior to the filing of the Complaint, mailed to Defendant on February 2, 2023, via certified and return receipt requested, a CLRA notification and demand letter.

**COMPLAINT FOR DAMAGES, RESCISSION, AND INJUNCTIVE RELIEF**

THE LAW OFFICES OF
ANDRE L. VERDUN

1   148.   In addition to actual, statutory, general, incidental, and consequential

2   damages Plaintiff will also seek punitive damages from Defendant, Antelope

3   Valley Chevrolet, for its oppressive, fraudulent, and malicious conduct against

4   Plaintiff.

5   ## FOURTEENTH CAUSE OF ACTION

6   ## DECLARATORY AND INJUNCTIVE RELIEF

7   *(Against Antelope Valley Chevrolet)*

8   149.   Plaintiff repeats the allegations contained above as if the same were

9   here set forth at length.

10   150.   Plaintiff alleges that there is an actual controversy between Plaintiff

11   and Antelope Valley Chevrolet, which relates to the legal rights and duties of the

12   parties as they relate to Plaintiff's property, as discussed above.

13   151.   Plaintiff seeks declaratory relief in the form of a judicial declaration

14   that the contract between Defendant Antelope Valley Chevrolet and Plaintiff is

15   valid.

16   152.   Declaratory relief is necessary for the purpose of determining how the

17   parties engage in future conduct.

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

**COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF**

THE LAW OFFICES OF
ANDRE L. VERDUN

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor, and against Defendants, for the following:

> a. Statutory, actual, and punitive damages;
>
> b. Attorneys' fees and costs;
>
> c. For declaratory, injunctive, and all other equitable relief, including an order declaring that the contract for the vehicle at issue is valid and enforceable;
>
> d. For such other and further relief as this Court deems just and proper; and
>
> e. Pre-judgment and post-judgment interest at the legal rate.

Dated: September 20, 2023

*s/ Andre Verdun*

Andre Verdun,
Ronald Wilcox
Attorney for Plaintiff,
Gabriela Stephanie Barrios

-27-

**COMPLAINT FOR DAMAGES, RESCISSION,
AND INJUNCTIVE RELIEF**

# DEMAND FOR JURY TRIAL

**NOW COMES** Gabriela Stephanie Barrios, the Plaintiff in this matter, who hereby demands a trial by jury in the above-captioned matter.

Dated: September 20, 2023

s/ Andre Verdun

Andre Verdun,
Ronald Wilcox
Attorney for Plaintiff,
Gabriela Stephanie Barrios

**DEMAND FOR JURY TRIAL**

## DECLARATION OF PLAINTIFF

I,Gabriela Stephanie Barrios, declare:

1. I am the Plaintiff in this matter. I have personal knowledge of the facts stated herein and if called to testify, I could testify competently and would testify consist with the statements below.

2. Jurisdiction for this case is proper in the COUNTY OF LOS ANGELES because the purchase of the product and/or service took place in the COUNTY OF LOS ANGELES, and the underlying facts concerning the case happened here and the Defendant(s) do business in this county.

I declare under the penalty of perjury that the forgoing is true and correct.

Executed on: September 20, 2023

_____
Gabriela Stephanie Barrios

-1-

**DECLARATION OF PLAINTIFF CONCERNING VENUE**

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **vHypBZWLRu3cvLMkEkcJFrHP** |
| Signed by: | Gabriela Stephanie Barrios |
| Sent to email: | gabriela.barrios051511@gmail.com |
| IP Address: | 172.56.177.137 |
| Signed at: | Sep 29 2023, 9:50 am PDT |

Do Not Leave Any Form of Contact
Information (Door Tag/ Business Card).

CUSTOMER **Law Office of Andre L. Verdun**
REF **Barrios v Antelope Chevrolet (LA County)**
COURT **CA Superior of Los Angeles Co at Central District Stanley...**
CASE# **23STCV23668**
TITLE **GABRIELA STEPHANIE BARRIOS vs. ANTELOPE CHEVROLET, INC,**
**ET AL**

**Need help?**
206-521-2967
abclegal.com



11/14/2023