Andre Verdun (SBN 265436)
**Law Office of Andre L. Verdun**
1777 N Ventura Ave
Ventura, CA 93001
Tel. 6198800110
Fax. 8668040051
andre@verdunlaw.com

Attorney for Plaintiff,
Gabriela Stephanie Barrios

THE LAW OFFICES OF:
ANDRE L. VERDUN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| **GABRIELA STEPHANIE BARRIOS,**<br><br>   Plaintiff(s),<br>  vs.<br><br>**ANTELOPE CHEVROLET, LOS ANGELES SHERIFF'S DEPARTMENT, and OFFICERS 1-10, in their official capacities, inclusive,**<br><br>   Defendants. | Case #: **2:23-cv-10476**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT LOS ANGELES SHERIFF'S DEPARTMENT'S MOTION TO DISMISS**<br><br>DATE: APRIL 26, 2024<br>TIME: 10:00 A.M.<br>DEPT: COURTROOM 7B<br><br>Action Filed: December 14, 2023<br>Pretrial Conference: TBD<br>Trial Date: TBD<br><br>Assigned to:<br>Hon. Andre Birotte Jr<br>Courtroom 7B |

-1-

**PLAINTIFF'S OPPOSITION TO DEFENDANT LOS ANGELES SHERIFF'S DEPARTMENT'S MOTION TO DISMISS**

## I.    **INTRODUCTION**

Defendant Los Angeles Sheriff's Department ("LASD") moves to dismiss Plaintiff Gabriela Barrios's First Amended Complaint ("FAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). However, the FAC contains sufficient factual allegations, which must be accepted as true at this stage, to plausibly state claims against LASD for civil rights violations under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Plaintiff's First Amended Complaint goes well beyond bare recitals of the elements, alleging specific facts about LASD's policies, practices, and customs that plausibly suggest an entitlement to relief under *Monell*. Plaintiff has met her burden at this stage, and it would not be unfair to subject LASD to the ordinary burdens of litigation, including discovery limited to the *Monell* allegations. Construing the FAC's allegations as true and in the light most favorable to Plaintiff, as required at this stage, the *Monell* claim should proceed.

Indeed, numerous courts have denied Motions to Dismiss *Monell* claims, when the police have gotten involved in wrongful repossessions (not to mention the false arrest and imprisonment). *Baynes v. Borough of Wilkinsburg*, 2019 WL 4393383, 2019 U.S. Dist. LEXIS 156849, at *11 (W.D. Pa. Sep. 13, 2019) ("Plaintiff alleges that through its officers, the Borough participated in the wrongful seizure of her property and did so in furtherance of its custom or practice"); *Barrios v. City of Chi.*, No. 15 C 2648, 2016 U.S. Dist. LEXIS 4951, at *20 (N.D. Ill. Jan. 14, 2016) ("These allegations plausibly suggest that the City acted pursuant to a policy of trying to part people in Barrios' situation from their cars").

/ / /
/ / /
/ / /
/ / /
/ / /

-2-

**PLAINTIFF'S OPPOSITION TO DEFENDANT LOS ANGELES SHERIFF'S DEPARTMENT'S MOTION TO DISMISS**

THE LAW OFFICES OF: ANDRE L. VERDUN

## II.   BACKGROUND

Without a court order more than six (6) police cars of the Lancaster Police Department pulled over Gabriela Barrios, with her 3-month-old and 11-year old daughters' in her car, and with firearms drawn, demanded she get out of the car. A plain clothes detective then took the car back to the dealership that had sold it to Barrios, and which had requested police assistance, in a joint action, lacking any due process, to resolve an ongoing civil dispute. (FAC ¶ 1)

Barrios was detained for more than 7 hours, including being pulled over, arrested, hand-cuffed, finger-printed, interrogated, and jailed (for more than 5 hours), despite the fact the police had no warrant or court order. To add insult to injury the police took away her special lactation bra, even after Barrios explained the necessity for the bra. The police told her to go ahead and stain her shirt and that they could give her a different shirt later. After more than 5 hours at the police station, surrounded by strangers, with no privacy, and with no way to pump or alleviate the pressure in her lactating breasts, Barrios leaked through her shirt. (FAC ¶ 2)

## III.   LEGAL STANDARD

A complaint need only contain sufficient factual allegations to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage, the court must accept the complaint's allegations as true and construe them in the light most favorable to the plaintiff. The plaintiff is not required to prove her case at this early juncture. Rather, the factual allegations must only "plausibly suggest an entitlement to relief," a standard that is not akin to a "probability requirement." *Id*. at 679.

As the Supreme Court clarified in *Bell Atlantic Corp. v. Twombly*, Rule 8(a) of the Federal Rules of Civil Procedure "does not impose a **probability requirement** at the pleading stage; it simply calls for enough fact to raise a **reasonable expectation that discovery will reveal evidence**" to support the

**PLAINTIFF'S OPPOSITION TO DEFENDANT LOS ANGELES SHERIFF'S DEPARTMENT'S MOTION TO DISMISS**

allegations. 550 U.S. 544, 556 (2007) (emphasis added).

Importantly, this pleading standard applies equally to *Monell* claims against municipalities; there is no heightened pleading requirement for such claims. *Empress LLC v. City & Cty. of San Francisco*, 419 F.3d 1052, 1055 (9th Cir. 2005). To survive a motion to dismiss under Rule 12(b)(6), a complaint alleging municipal liability "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (citing *Iqbal*, 556 U.S. at 679). The complaint "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (citing *Twombly*, 550 U.S. at 556).

## IV.   **THE FAC PLAUSIBLY ALLEGES AN UNCONSTITUTIONAL CUSTOM OR POLICY BY LASD**

Municipal liability under § 1983 requires plaintiff to plead: (1) a constitutional violation; (2) a municipal policy; (3) deliberate indifference; and (4) causation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). The FAC contains sufficient factual allegations on each element.

First, the FAC details how LASD officers violated Plaintiff's constitutional rights by arresting her without probable cause and seizing her property without due process, as part of LASD's alleged custom of intervening in private disputes without proper procedures. FAC ¶¶ 1-2, 42-45, 53-58.  Indeed, Plaintiff alleged, "Plaintiff asserts this Monell claim against the Los Angeles Sheriff's Department, alleging that the Department, through its deliberate indifference, maintained and enforced an official policy, practice, or custom that directly caused the constitutional violations suffered by the Plaintiff." FAC ¶53.

Second, the FAC alleges LASD has a pattern and practice of violating citizens' rights in this manner, which amounts to an unconstitutional policy or

**PLAINTIFF'S OPPOSITION TO DEFENDANT LOS ANGELES SHERIFF'S DEPARTMENT'S MOTION TO DISMISS**

THE LAW OFFICES OF:
ANDRE L. VERDUN

custom. Id. ¶¶ 55-58. These are factual allegations entitled to the presumption of truth at this stage.

Third, the FAC alleges LASD was deliberately indifferent, as it knew or should have known these practices would likely result in constitutional violations, based on past incidents and the obvious risk of violating citizens' rights, but failed to properly train or supervise its officers to prevent such violations. FAC ¶¶ 58-60. Indeed, specifically, Plaintiff alleged, "The Los Angeles Sheriff's Department maintains a practice and custom which directs its officers to effectively assist in private civil matters without proper investigation" and "The Los Angeles Sheriff's Department maintains a practice and custom whereby it fails to instruct or train its officers to refrain from assisting in private civil matters without proper investigation. FAC ¶¶ 58-59.

As a court within the Ninth Circuit recently stated, when specifically citing to *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143-1146 (9th Cir. 2012):

> The claim alleges the existence of policies and that the policies caused constitutional violations. As [Defendants] point out, the claim relies on the same alleged constitutional violations as some of the other counts in Plaintiffs' § 1983 claim. Hospital Def. Mot. 26. With the understanding that count 9 functions as a basis to allege that the [Defendants] are liable for the constitutional deprivations alleged, the Court concludes that it is cognizable as a Monell claim."

*Bliss v. Adebimpe Adewusi*, 2023 WL 6961979, 2023 U.S. Dist. LEXIS 188900, at *41 (D. Or. Oct. 18, 2023).

Another court within the Ninth Circuit shows how to properly apply *Tsao* here:

> Citing *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1145 (9th Cir. 2012), [Defendant] argues that

**PLAINTIFF'S OPPOSITION TO DEFENDANT LOS ANGELES SHERIFF'S DEPARTMENT'S MOTION TO DISMISS**

Plaintiffs must show that [Defendant's] policy amounts to deliberate indifference to Plaintiffs' constitutional rights. (Doc. 32 at 6.) But deliberate indifference is required where the claim is based on an *omission* in the municipality's policy. *Tsao*, 698 F.3d at 1145. Here, Plaintiffs allege no such omission but claim instead that [Defendant] and Colorado City, in accordance with the dictates of the FLDS, have *existing policies* that intentionally are designed to discriminate against [*8] non-FLDS adherents and thereby violate their constitutional rights. (Doc. 8 ¶ 27, 73-74.) When the complaint's allegations are accepted as true, as required on the present motion, it is reasonable to infer that Hildale's policies were a "moving force behind the constitutional violation[s]." *Rivera v. County of L.A.*, 745 F.3d 384, 389 (9th Cir. 2014).

*Prairie Farms v. Town of Colo. City*, No. CV-16-08232-PCT-DLR, 2017 U.S. Dist. LEXIS 229266, at *7-8 (D. Ariz. Apr. 10, 2017).

Similarly, Plaintiff alleged "this *Monell* claim against the Los Angeles Sheriff's Department, alleging that the Department, through its deliberate indifference, maintained and enforced an official policy, practice, or custom that directly caused the constitutional violations suffered by the Plaintiff." FAC ¶53.    Thus, Plaintiff alleged there were existing policies that caused the Constitutional violations.

And further, Plaintiff alleged:

On information and belief, Plaintiff alleges that the Los Angeles Sheriff's Department (LASD) has engaged in a pattern and practice of intervening in civil disputes on behalf of private entities, such as dealerships, without

-6-

**PLAINTIFF'S OPPOSITION TO DEFENDANT LOS ANGELES SHERIFF'S DEPARTMENT'S MOTION TO DISMISS**

> providing notice and an opportunity to be heard, and conducting proper investigations, which constitute a violation of individuals' constitutional rights. LASD acts without court orders, and has implanted a policy for its officers to act without court orders in resolving private civil disputes, thus violating the due process rights. This pattern and practice have been sufficiently widespread to represent a custom or unofficial policy of the Department.
>
> FAC ¶55

Indeed, the FAC alleges LASD's unconstitutional custom (i.e. policy) was the direct and proximate cause of Plaintiff's injury, as she was arrested and dispossessed of her property pursuant to this alleged custom of intervening in civil disputes without due process. Id. ¶¶ 1-2, 61-64.

Defendant argues the FAC alleges only a single incident, but the FAC contains factual allegations that LASD's unconstitutional practices go beyond Plaintiff's case and have caused constitutional violations and harm to the public. FAC ¶¶ 58-60. At the pleading stage, these allegations are sufficient to plausibly state a *Monell* claim. The FAC "contains sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). For example, this same argument was raised and rejected in *Trejo v. Drew*, where the court found allegations of "widespread misconduct" and failure to train officers were sufficient to state a *Monell* claim, even if the complaint focused on a single incident, at least in the pleading stage. 2017 WL 4286183, at *4-5 (C.D. Cal. Sept. 22, 2017). Like in *Trejo*, the FAC here contains factual allegations that LASD's unconstitutional practices go beyond Plaintiff's case and have caused harm to the public. FAC ¶¶ 58-60. At the pleading stage, these allegations are sufficient to plausibly state a *Monell* claim.

THE LAW OFFICES OF:
ANDRE L. VERDUN

**PLAINTIFF'S OPPOSITION TO DEFENDANT LOS ANGELES SHERIFF'S DEPARTMENT'S MOTION TO DISMISS**

## V.    CONCLUSION

The First Amended Complaint alleges specific facts, which must be accepted as true, which state plausible claims against LASD. The allegations are sufficient to satisfy federal pleading standards and state a claim for municipal liability under *Monell*. The Court should deny the Motion. If the Court finds the allegations insufficient, Plaintiff respectfully requests leave to amend.

Dated: April 5, 2024

*Andre Verdun*
Andre Verdun,
Attorney for Plaintiff,
Gabriela Stephanie Barrios

THE LAW OFFICES OF:
ANDRE L. VERDUN

-8-

**PLAINTIFF'S OPPOSITION TO DEFENDANT LOS ANGELES SHERIFF'S
DEPARTMENT'S MOTION TO DISMISS**

THE LAW OFFICES OF:
ANDRE L. VERDUN

## CERTIFICATE OF SERVICE

**Case Name:  Barrios v Antelope Chevrolet**

**Case No.:  2:23-cv-10476**

I, the undersigned, affirm that at the time of serving the referenced documents, I was over the age of eighteen years and not a party to this action. Additionally, I am not a registered California process server. I am employed in Ventura County/San Diego County, California, and my primary business address is 1777 N Ventura Ave, Ventura, CA 93001, United States.

On  April 5, 2024  I served the foregoing documents described as: **PLAINTIFF'S OPPOSITION TO DEFENDANT LOS ANGELES SHERIFF'S DEPARTMENT'S MOTION TO DISMISS** on the parties in this action addressed as follows:

 XX   **ECF System**: I have caused service of the document(s) referenced above, on the parties identified above by electronically filing them with the Clerk of the District Court using its ECF System, which provides electronic notification to them.

Thomas R. O'Connor   CTSC Law 2601 Main Street, Suite 800 Irvine, California 92614 Attorney for Antelope Valley Chevrolet  Molshree Gupta, Esq. Carina M. Jordan, Esq. KJAR, McKENNA & STOCKALPER, LLP 841 Apollo Street, Suite 100 El Segundo, California 90245 Attorney for Los Angeles Sheriff's Department

**Email service list upon which service of these documents were served on**: toconnor@ctsclaw.com, ronaldwilcox@gmail.com, service@verdunlaw.com, andre@verdunlaw.com, mnixon@kmslegal.com, pstockalper@kmslegal.com, mgupta@kmslegal.com, bezra@kmslegal.com, toconnor@ctsclaw.com, LUnis@ctsclaw.com, eschumann@ctsclaw.com, MShin@ctsclaw.com, allisonkrumhorn@gmail.com,

-1-

**PROOF OF SERVICE**

___ **US Mail**: I hereby certify that I have caused the foregoing to be mailed, via the United States Postal Service, to the following non-ECF participants in this case: **NONE**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed **April 5, 2024** at **Ventura, California**.

s/ *David Adams*

David Adams

-2-

**PROOF OF SERVICE**