UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA STEPHANIE BARRIOS, | Case No.: 2:23-cv-10476-AB-JC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS [Dkt. Nos. 20, 21] FIRST AMENDED COMPLAINT** |
| v. | |
| ANTELOPE VALLEY CHEVROLET INC., and LOS ANGELES SHERIFF'S DEPARTMENT, and DOE OFFICERS 1-10, in their official capacities, inclusive, | |
| Defendants. | |

Before the Court are Motions to Dismiss ("Motions," Dkt. Nos. 20, 21) filed by Defendant Los Angeles Sheriff's Department ("LASD") and Defendant Antelope Valley Chevrolet Inc. ("AVC"). Plaintiff Gabriela Stephanie Barrios ("Plaintiff") filed an opposition to each motion (Dkt. Nos. 24, 30), and each Defendant filed a reply. (Dkt. Nos. 27, 32). The Court heard oral argument on June 7, 2024. For the following reasons, the Court **GRANTS** in part and **DENIES** in part the Motions.

## I.    BACKGROUND

This case centers on a police report made by AVC, a vehicle dealership, alleging that Plaintiff stole one of their automobiles, resulting in her arrest by LASD. In analyzing the Motions, the Court takes the following allegations from Plaintiff's First Amended Complaint ("FAC," Dkt. No. 15) as true.

1

On September 8, 2022, Plaintiff and AVC entered into a Retail Installment Sale Contract (the "Agreement") for the sale of a 2022 Chevrolet Malibu (the "Vehicle"). *Id*. ¶ 31. The Agreement contained a provision that allowed AVC to cancel the Agreement within ten days if it was unable to assign the Agreement to a financial institution. *Id*. ¶ 32. Plaintiff would then have to return the Vehicle immediately. *Id*.

Plaintiff claims that AVC experienced difficulty assigning the Agreement but never communicated with Plaintiff its intent to terminate the contract within the 10-day cancellation period. *Id*. ¶¶ 34, 46. On September 13, 2022, AVC attempted to contact Plaintiff regarding her General Motors Rewards ("GM Rewards"). *Id*. ¶ 35. Between October 18, 2022, and October 26, 2022, AVC attempted to contact Plaintiff via text message regarding only the sale and loan process of the Vehicle. *Id*. ¶ 38.

On October 27, 2022, well beyond the Agreement's 10-day cancellation period, AVC called Plaintiff and demanded she return the Vehicle by November 4, 2022, at 3:00 p.m. *Id*. ¶ 39. Plaintiff alleges that on or before November 3, 2022, AVC reported to LASD that Plaintiff stole the Vehicle. *Id*. ¶ 42. Subsequently, LASD arrested Plaintiff on November 3, 2022, at 7:30 a.m. for grand theft auto and embezzlement. *Id*. ¶ 43. The arrest occurred eight hours before the deadline AVC stated for Plaintiff to return the Vehicle. *Id*.

Plaintiff alleges that LASD arrested her without probable cause and without conducting an investigation. *Id*. More than six police cars pulled Plaintiff over, drew their firearms, demanded she get out of the Vehicle, and transported her to Young County Jail. *Id*. ¶¶ 1, 44. LASD took the Vehicle and drove it to AVC's business location where the Vehicle was initially sold. *Id*. ¶ 1. Plaintiff was detained for more than seven hours which included being pulled over, arrested, hand-cuffed, finger-printed, interrogated, and jailed without a warrant or court order. *Id*. ¶ 2. While detained, officers removed her special lactation bra and without being able to pump or alleviate pressure in her lactating breasts, Plaintiff leaked through her shirt. *Id*. ¶ 3. Plaintiff claims she was harmed by the conduct of all Defendants. *Id*. ¶ 47.

Based on these allegations, Plaintiff asserts the following claims against AVC, LASD, and individual DOE LASD Officers ("DOE Officers"): (1) violation of 42 U.S.C. § 1983 against all Defendants for maintaining and enforcing a policy of intervening in civil disputes on behalf of private entities; (2) violation of 42 U.S.C. § 1983 against AVC and DOE Officers for jointly conspiring with Defendants to deprive Plaintiff of her constitutional rights; (3) violation of 42 U.S.C. § 1983 against DOE Officers in their individual capacities for engaging in conduct that violated Plaintiff's Fourth Amendment right against unreasonable seizures; (4) violation of the Bane Act against AVC and DOE Officers; (5) false arrest and false imprisonment against AVC and DOE Officers; (6) negligence against AVC and DOE Officers; (7) violation of the Rosenthal Fair Debt Collection Practices Act against AVC; (8) violation of the California Business and Professions Code § 17200 against AVC; (10) conversion against AVC; (11) intrusion upon seclusion against AVC; (12) civil extortion against AVC; (13) violation of the Consumer Legal Remedies Act ("CLRA") against AVC; and (14) declaratory and injunctive relief against AVC.

AVC moves to dismiss the following claims for failure to state a claim: (1) violation of 42 U.S.C. § 1983 for maintaining and enforcing a policy of intervening in civil disputes on behalf of private entities; (2) violation of 42 U.S.C. § 1983 for jointly conspiring with Defendants to deprive Plaintiff of her rights; (4) violation of the Bane Act; (5) false arrest and false imprisonment; (11) intrusion upon seclusion; (12) civil extortion; and (13) violation of the CLRA. LASD moves to dismiss only count one, the §1983 *Monell* claim against it, for failure to state a claim.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must allege enough facts to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Id*. The complaint must also be "plausible on its face," that is, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A complaint may be dismissed under Rule 12(b)(6) for the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

## III.    DISCUSSION

AVC argues that Plaintiff's first, second, fourth, fifth, eleventh, twelfth, and thirteenth claims against it must be dismissed for failure to state a claim. LASD argues that Plaintiff's first claim against it must be dismissed for failure to state a claim. The Court addresses each claim in turn.

### A. Claim for Violation of 42 U.S.C. § 1983 (Claim 1 and 2)

Plaintiff alleges that AVC acted under color of law jointly with the LASD Defendants to deprive her of her Fourth Amendment rights against the unlawful seizure of the Vehicle. *See* FAC ¶¶ 1, 42-43, 51. To state a claim under 42 U.S.C. § 1983, "a plaintiff (1) must allege the violation of a right secured by the Constitution

and laws of the United States, and (2) must show that the alleged deprivation was committed by a person acting under color of state law." *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Id*. at 1036.

"[M]ost rights secured by the Constitution are protected only against infringement by governments," so "the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-37 (1982) (internal quotation marks omitted). Thus, a plaintiff seeking to challenge a private party's conduct under §1983 must show that "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State," meaning that the private party's conduct is "state action." *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 993 (9th Cir. 2013) (quoting *Lugar*, 457 U.S. at 936-37). Private party conduct may be attributable to the government if the private party had a substantial degree of participation with the government. *See Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989). If the private party's conduct is not so attributable, then there is no "state action," no violation of a person's secured rights, and no §1983 claim against the private party. *Ohno*, 723 F.3d at 993.

Plaintiff fails to plead facts showing that AVC's conduct is attributable to LASD, as would be necessary to maintain her claims under 42 U.S.C. § 1983 against AVC. The FAC alleges that AVC is a private company and does not allege that AVC itself is a government entity. FAC ¶ 20. Instead, Plaintiff alleges that AVC's sole conduct of falsely reporting the Vehicle as stolen to LASD and asking DOE Officers to arrest Plaintiff constitutes "state action." *See* FAC ¶¶ 42-43. However, "merely complaining to the police does not convert a private party into a state actor." *Collins*, 878 F.2d at 1155. The circumstances alleged do not plausibly establish that AVC substantially participated with the LASD Defendants such that AVC could be considered a state actor or joint participant. Accordingly, Plaintiff's 42 U.S.C. § 1983

claims as pled against AVC will be dismissed.

### B. Claim for Violation of the Bane Act (Claim Four)

Plaintiff alleges that AVC conspired with the DOE Officers in effectuating a warrantless arrest and seizure of the Vehicle by threat, intimidation, or coercion to intentionally interfere with her Fourth Amendment rights. *See* FAC ¶¶ 1, 42-43, 51. The Bane Act makes a person, whether or not acting under color of law, liable for conduct that deprives an individual of his or her rights "secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of" California through "threat, intimidation, or coercion." Cal. Civ. Code § 52.1(b). The Bane Act does not require the "threat, intimidation or coercion" to be independent from the constitutional violation alleged. *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). However, the Bane Act does require a "a specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Id*. Speech alone is insufficient to constitute a violation of the Bane Act unless it involves a credible threat of violence. Cal. Civ. Code § 52.1(k).

Plaintiff does not sufficiently plead a Bane Act claim against AVC. Plaintiff alleges that the threatening, intimidating, or coercive conduct AVC engaged in is making a false police report to LASD which AVC knew or should have known would interfere with Plaintiff's rights. *See* FAC ¶¶ 42-43, 89. But it is not plausible that AVC's making an allegedly false police report to the LASD would constitute a threat to Plaintiff, who was not alleged to have been present. Furthermore, because the police report is speech, it is insufficient to constitute a violation of the Bane Act unless it involves a threat, which Plaintiff fails to allege. Finally, the allegation is conclusory: Plaintiff fails to allege AVC's specific intent to interfere with Plaintiff's right against an unreasonable seizure.

Plaintiff additionally alleges that AVC acted jointly and in concert with the LASD Defendants to unlawfully arrest Plaintiff and seize the Vehicle in violation of her Fourth Amendment rights. *See* FAC ¶¶ 1, 42-43. Although there is no state action

requirement for a Bane Act claim, only the government can directly interfere with a person's Fourth Amendment rights. *Jones v. Kmart Corp.*, 17 Cal.4th 329, 334 (1998). Thus, a lack of state actor means there is no constitutional violation. *Reese*, 888 F.3d at 1044. Again, Plaintiff does not plead how AVC and the LASD were in conspiracy other than the allegation that AVC reported the Vehicle as stolen to LASD. FAC ¶ 42. This claim therefore fails for the same reason the 42 U.S.C. § 1983 claims fail as against AVC. Absent factual allegations that plead the threat, intimidation, or coercion AVC engaged in that interfered with Plaintiff's right against an unreasonable seizure or factual allegations of joint action with the LASD Defendants, Plaintiff's Bane Act claim does not survive AVC's motion to dismiss.

**C. Claims for False Arrest and False Imprisonment (Claim Five)**

Plaintiff alleges that AVC is liable for false arrest and false imprisonment for falsely reporting to LASD that she stole the Vehicle, which resulted in her unlawful arrest. *See* FAC ¶¶ 42-43. False arrest is essentially the same tort as false imprisonment. *Cox v. Griffin*, 246 34 Cal.App.5th 440, 448 (2019). False imprisonment requires a plaintiff to show (1) an arrest without legal process, (2) imprisonment, and (3) damages. *Id*. "A person who sets in motion a false arrest/imprisonment can be held liable for the tort even if he does not directly participate in the actionable conduct." *Martin v. Cnty. of San Diego*, 650 F. Supp 2d 1094, 1106 (S.D. Cal. 2009) (citing *Bell v. State of California*, 63 Cal.App.4th 919, 928 (1998)).

Plaintiff adequately pleads her claims for false arrest and false imprisonment against AVC. Although AVC did not arrest Plaintiff, she alleges that AVC is liable for false arrest because AVC knowingly made a false police report to LASD accusing Plaintiff of stealing the Vehicle and asked LASD to arrest Plaintiff. *See* FAC ¶¶ 42-43. As a result, LASD without probable cause and relying solely on AVC's statements, falsely imprisoned Plaintiff for grand auto theft and embezzlement on November 3, 2022. *See* FAC ¶ 43.

AVC argues that Plaintiff's claim for false arrest and false imprisonment fails because it did not participate in Plaintiff's arrest and the only factual allegation the FAC relies on is that AVC made a police report, which is insufficient because the report was made in good faith. A private person does not become liable for false arrest and false imprisonment when, in good faith, they provided information to police officers. *Gorlack v. Ferrari*, 184 Cal.App.2d 702, 709 (1960). However, conduct far beyond just a report of the alleged crime to police officers is not considered good faith. *Kesmodel v. Rand*, 119 Cal.App.4th 1128, 1137-38 (2004).

Here, Plaintiff alleges that AVC falsely reported the car as stolen to LASD, accused Plaintiff of stealing it, and insisted that LASD arrest Plaintiff and return the Vehicle to its business location. *See* FAC ¶¶ 1, 42, 43. The FAC alleges AVC's actions were done in bad faith because the deadline for Plaintiff to return the Vehicle to AVC had not yet passed. *See* FAC ¶¶ 39, 42-43. Subsequently, LASD imprisoned Plaintiff without probable cause or an investigation. *See* FAC ¶ 43. Whether AVC made the police report in good faith is a question of fact. At this stage, the factual allegations in the FAC are sufficient to state a claim for false arrest and false imprisonment. Accordingly, Plaintiff's false arrest and false imprisonment claim survives AVC's motion to dismiss.

**D. Claim for Intrusion Upon Seclusion (Claim Eleven)**

Under an intrusion upon seclusion claim, defendants are liable for invasion of privacy if they intentionally intrude, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns and if the intrusion would be highly offensive to a reasonable person. *Shulman v. Group W Productions, Inc.*, 18 Cal.4th 200, 232 (1998). During oral argument, Plaintiff conceded that this claim is inadequately pled and asked for leave to amend. Accordingly, the Court will dismiss this claim but with leave to amend.

**E. Claim for Civil Extortion (Claim Twelve)**

Plaintiff alleges that AVC committed civil extortion by demanding she return

the Vehicle and wrongfully dispossessing Plaintiff of the Vehicle. *See* FAC ¶¶ 1, 39, 42-43. Extortion is the obtaining of property from another, with his or her consent induced by a wrongful use of force or fear. Cal. Penal Code § 518. Fear, for purposes of extortion, may be induced by a threat: (1) to do an unlawful injury to a person or their property; (2) to accuse the person being threatened of a crime; (3) to expose or impute to the person a deformity, disgrace, or crime; (4) to expose a person's secret; or (5) to report the person's immigration status or suspected immigration status. Cal. Penal Code § 519. The crime with which the extortionist threatens his or her victim need not be a specific crime. *Flatley v. Mauro*, 39 Cal.4th 299, 327 (2006) (citing *People v. Massengale*, 261 Cal.App.2d 758, 764-65 (1968)). "[T]he accusations need only be such as to put the intended victim of the extortion in fear of being accused of some crime." *Id*. In California, the tort of civil extortion has five elements: (1) a defendant sent or delivered to any person a writing; (2) that contained an express or implied threat as specified in Penal Code § 519; (3) the defendant intended to extort money or property from the plaintiff; (4) the plaintiff suffered harm; and (5) the harm was caused by the defendant. Cal. Penal Code § 523.

Plaintiff does not adequately plead a claim for civil extortion against AVC. The allegation that AVC wrongfully dispossessed Plaintiff of the Vehicle when demanding she return the Vehicle is conclusory and insufficient as it fails to plead the fear or threat used. Plaintiff's opposition states that AVC demanded Plaintiff return the Vehicle through the threat of attorney's fees and reporting Plaintiff to the IRS. (Opp'n, Dkt. No. 24 at 12). But these facts are not alleged in the FAC, so the Court does not consider them on a Motion to Dismiss. Therefore, the Court will dismiss Plaintiff's civil extortion claim but with leave to amend.

**F. Claim for Violation of the Consumer Legal Remedies Act (Claim Thirteen)**

Plaintiff alleges that AVC violated the CLRA Cal. Civ. Code §§ 1770(a)(5), (8), (9), and (14) through deceptive and unconscionable conduct in the attempted sale of the Vehicle, through post-sale misrepresentations about the Agreement, and by

9

attempting to coerce Plaintiff to return the Vehicle through false police reports. *See* FAC ¶¶ 32-33, 39, 42-43. Under these provisions of the CLRA, it is unlawful, in a consumer transaction resulting in or intended to result in the sale or lease for goods or services, to "(5) represent[] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have; (8) disparage[e] the goods, services, or business of another by false or misleading representation of fact; (9) advertis[e] goods or services with intent not to sell them as advertised; or (14) represent[] that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law." Cal. Civ. Code § 1770.

Plaintiff does not adequately plead any violation of the CLRA. The FAC does not mention any conduct that occurred during the attempted sale or sale of the Vehicle or how the Vehicle was advertised. Further, Plaintiff fails to allege AVC's deceptive acts in the attempted sale of the Vehicle. The allegation that AVC ultimately did not uphold a provision of the Agreement is not sufficient to state that AVC engaged in deceptive practices and misrepresented the Vehicle. Finally, AVC's demand for the Vehicle and its police report occurred after the sale of the Vehicle and not in an attempt to sell the Vehicle. *See* FAC ¶¶ 31, 39. Accordingly, Plaintiff's CLRA claim will be dismissed but with leave to amend.

**G. Section 1983 *Monell* Claim Against LASD (Claim 1)**

Plaintiff asserts a § 1983 claim for municipal liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) against LASD. Plaintiff alleges that LASD maintained and enforced an official policy of intervening in civil disputes between private parties without providing notice or an opportunity to be heard. *See* FAC ¶¶ 53, 55. To establish a *Monell* claim, a plaintiff must show (1) an underlying violation of constitutional rights by public employees, and (2) that this violation flowed from an explicitly adopted or tacitly authorized municipal policy.

10

*Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1986). A policy may be shown through: (1) a longstanding practice or custom which constitutes the "standard operating procedure" of the municipality; (2) the decision of a municipal official who has final policymaking authority; or (3) when an official with final decision-making authority either delegates that authority to, or ratifies the decision of, a subordinate. *Avalos v. Baca*, 596 F.3d 583, 588 (9th Cir. 2010). In order for a *Monell* claim to survive a motion to dismiss, the "allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Plaintiff's *Monell* allegations are at FAC ¶¶ 53-59. Read as a whole, Plaintiff sufficiently pleads a claim for municipal liability against LASD. First, Plaintiff alleges an underlying constitutional violation of her Fourth Amendment rights caused by Defendants unlawfully arresting her and seizing the Vehicle. *See* FAC ¶¶ 1, 43, 51, 68-69. Second, Plaintiff alleges facts sufficient to plausibly establish that this violation was caused by an explicitly adopted or tacitly authorized municipal policy. Specifically, Plaintiff alleges that LASD explicitly adopted a municipal policy of intervening in private civil disputes without conducting proper investigations or providing notice to be heard and in turn violating individual's constitutional rights. *See* FAC ¶¶ 54-57. Although the FAC is void of any specific instances, Plaintiff alleges that LASD has inserted itself into other civil disputes and arrested individuals on behalf on private entities without conducting an investigation or providing an opportunity to be heard. *See* FAC ¶ 56. LASD's higher command are also alleged to have been aware of, condoned, and directed their officers to engage in these unconstitutional practices. *See* FAC ¶ 57.

Further, Plaintiff alleges that LASD failed to discipline officers engaging in unlawful practices, failed to properly train and oversee officers, and failed to implement adequate policies to prevent constitutional violations. *See* FAC ¶ 58.

11

LASD's training materials, complaints filed against LASD, disciplinary records of officers, and internal communication, which are not yet specified, will allegedly show LASD's disregard for constitutional practices. *See* FAC ¶ 59. Plaintiff has done more than merely recite the elements of the claim. At this stage, Plaintiff only needs to allege that LASD violated her constitutional right and that the violation flowed from municipal policies, which she has done here. Accordingly, Plaintiff's *Monell* claim survives LASD's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** AVC's Motion as to the following counts: (1) violation of 42 U.S.C. § 1983 for maintaining and enforcing a policy of intervening in civil disputes on behalf of private entities; (2) violation of 42 U.S.C. § 1983 for jointly conspiring with Defendants to deprive Plaintiff of her rights; (3) violation of the Bane Act; (11) intrusion upon seclusion; (12) civil extortion; and (13) violation of the Consumer Legal Remedies Act. These claims are **DISMISSED**. Plaintiff may attempt to cure the deficiencies in these claims by filing a Second Amended Complaint within 21 days of this order. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (where a district court grants a motion to dismiss, it should provide leave to amend if the complaint could be saved by amendment). Any dismissed claims not re-plead by the deadline will be deemed dismissed with prejudice.

AVC's Motion is otherwise **DENIED**.

LASD's Motion is **DENIED**.

Defendants have **21 days to respond** to any Second Amended Complaint.

**IT IS SO ORDERED.**

Dated: August 1, 2024

_____

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE